

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. E. Rickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. O-5203
Re: Appointment of criminal invest-
igator for District Attorney of
the Ninth Judicial District.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Please advise if it would be legal to approve a salary of an Investigator for the District Attorney. I take it Article 3886D R.C.S. was changed to fit Montgomery County.

"For your information, will advise that according to the 1940 Census the population of Montgomery County was 23,055, and the valuation for 1942, $47,745,565.

". . . . ."

The District Attorney of the Ninth Judicial District of Texas is the District Attorney for Montgomery County and the other counties comprising the district.

Article 3886d, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Art. 3886d. Investigators and stenographers for District Attorneys in counties of less than 30,000

". . . .

"Provided, that in Montgomery County, the District Attorney of the Ninth Judicial District

may, if and when in his judgment the efficient conduct of his office so requires, appoint a criminal investigator in and for Montgomery County, who shall receive a salary of not to exceed Eighteen Hundred Dollars ($1800) per year. The salary of such investigator shall be payable out of the General Fund of Montgomery County, Texas, in twelve (12) equal installments upon the certificate of the District Attorney of said District. Acts 1934, 43rd Leg., 3rd C. S., p. 118, ch. 63, § 2, as amended Acts 1939, 46th Leg., Spec. L., p. 751, § 1."

Article 3, Section 56 of our State Constitution provides in part as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

". . . .

"Regulating the affairs of counties, cities, towns, wards or school district;

". . . ."

It is our opinion that the above quoted portion of Article 3886d, V. A. T. C. S., contravenes Article 3, Section 56 of our State Constitution and is therefore unconstitutional. See the following cases:

Altgelt v. Gutzeit, 201 S. W. 400;
Duclos v. Harris County, 263 S. W. 562;
Miller v. El Paso County, 150 S. W. (2) 1000;
Jameson v. Smith, 161 S. W. (2) 520.

We answer your question in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED NOV 28, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

JF:mp

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE